IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PLAINTIFF(S) | ) | CIVIL ACTION NO.:    2:25-cv-13080-DCN |
| William Barnes | ) | |
| | ) | |
| | ) | |
| **-v-** | ) | |
| | ) | **COMPLAINT** |
| DEFENDANT(S) | ) | JURY TRIAL DEMANDED |
| Charleston School of Law, | ) | |
| Baker Donelson Bearman Caldwell & | ) | |
| Berkowitz, P.C. Jennifer Curry, Margaret | ) | |
| Lawton  and John Does 1-5. | ) | |

## STATEMENT OF THE CASE

Plaintiff, William Barnes (hereinafter "Plaintiff"), bring this action against the above-named Defendants (hereinafter collectively referred to as the "Defendants") for damages in connection with the following conduct: (1) gender-based discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.; (2) retaliation in violation of Title IX; (3) deprivation of procedural due process under the Fourteenth Amendment and 42 U.S.C. § 1983; (4) breach of contract;(5) breach of the implied covenant of good faith and fair dealing; (6) tortious interference with contractual and business expectancy; (7) Conspiracy; (8) Negligence/Gross Negligence; Negligent Hiring, Training and Retention; all stemming from Defendants' discriminatory, retaliatory, and procedurally defective handling of Plaintiff's Title IX complaint and subsequent disciplinary proceedings, culminating in his unlawful expulsion and resulting personal, professional, and financial harm.

This action challenges the Charleston School of Law's ("CSOL") discriminatory and retaliatory handling of a Title IX complaint in which the male complainant, Plaintiff William Barnes, was ignored, while a female counter-complainant's allegations prompted an immediate and severe institutional response culminating in Plaintiff's expulsion. Plaintiff Barnes formally reported sex-based harassment and hostile-environment conduct by a female classmate, L.S., in May 2024. Despite receiving a written complaint and corroborating evidence, CSOL took no investigative action, issued no findings, and provided no supportive measures required by federal

regulation. Days later, the same classmate filed a counter-complaint. CSOL immediately launched a formal Title IX investigation against Plaintiff, engaged outside counsel from Baker Donelson Bearman Caldwell & Berkowitz, P.C., and convened a disciplinary process that denied Plaintiff basic procedural safeguards—including timely notice, access to evidence, and the right to cross-examine adverse witnesses. The school's disparate treatment of the two complaints reveals a double standard rooted in gender bias: when a male student alleged harassment, the institution was inert; when a female student alleged misconduct, the institution acted with extraordinary haste and hostility. That bias, combined with retaliation for Plaintiff's protected activity, violates Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

CSOL's disciplinary process, administered through attorneys from Baker Donelson—including Defendant Jennifer Curry as Decisionmaker—was also procedurally defective and constitutionally infirm. By exercising quasi-public disciplinary authority under federal mandates, CSOL deprived Plaintiff of his protected liberty and property interests without due process of law, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

As a direct result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, reputational harm, loss of educational and professional opportunities, and significant financial injury. He seeks declaratory, injunctive, and monetary relief to remedy the discrimination, retaliation, and procedural violations described herein and to restore his good standing and future prospects within the legal profession.

**COMES NOW**, Plaintiff WILLIAM BARNES, individually (hereinafter "Plaintiff"), by and through his undersigned counsel, and files this Complaint against Defendants, and for cause of action would respectfully show the Court the following:

## I. PARTIES

1       Plaintiff WILLIAM BARNES is an individual residing in Charleston, South Carolina. At all times relevant to this Complaint, Plaintiff was a student enrolled at the Charleston School of Law, in South Carolina.

2      Defendant CHARLESTON SCHOOL OF LAW ("Defendant") is a private university and recipient of federal financial assistance located in Charleston, South Carolina. The University receives federal funding and is subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. Section 1681 et seq. Service may be made upon 385 Meeting Street, Charleston, South Carolina 29403.  It is a South Carolina corporation.

3      Defendant, BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PC is, who acted as outsourced Title IX Decisionmaker and Investigator under CSOL's disciplinary framework, upon information and belief, a law firm organized and existing under the laws of the State of Alabama, with its principal place of business at First Horizon Building, 165 Madison Avenue, Suite 2000, in Memphis, Tennessee. At all times relevant, Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC acted as legal counsel to the Defendant, Charleston School of Law, providing advice, representation, and other professional legal services to the Charleston School of Law. Plaintiff alleges that the acts and omissions of Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC, undertaken in its course of its representation of the Charleston School of Law, give rise to liability as set forth herein. Service may be made upon 850 Morrison Drive, Suite 775, Charleston, South Carolina 29403.  It is a Tennessee Corporation.

4      Defendant, JENNIFER CURRY, is an attorney licensed to practice law in the State of South Carolina, and, at all times relevant, was a partner and/or employee of Defendant Baker, Donelson, Bearman, Caldwell, &Berkowitz, PC. Jennifer Curry, who acted as the Title IX decision-maker, participated directly in the legal representation as the decision-maker for the Defendant, Charleston School of Law. Service may be made upon 850 Morrison Drive, Suite 775, Charleston, South Carolina 29403.

5       Defendant MARGARET LAWTON, Dean of the Charleston School of Law, exercised administrative oversight of disciplinary matters and ratified the procedurally defective process resulting in Plaintiff's expulsion. Her acts and omissions constitute state action under color of law for purposes of 42 U.S.C. § 1983.

6       Defendants JOHN DOES 1-5 are individuals whose identities are currently unknown but who are believed to be employees or agents of Charleston School of Law or Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC. Plaintiff reserves the right to substitute the true names of the John Doe defendants and the claims against them once identified through discovery.

## II.  JURISDICTION AND VENUE

7       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims arising under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

8       This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy under Article III of the United States Constitution.

9       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Charleston School of Law is located and conducts business within this district.

## III. FACTUAL BACKGROUND

10      On or around May 28 and May 29, 2024, Plaintiff filed a formal complaint with Dean Lawton with the Charleston School of Law, alleging that a female student was harassing him, L.S., also enrolled at the Charleston School of Law.

11    Plaintiff's complaint alleged coordinated harassment involving faculty and students, emotional distress, and reputational harm. On June 6, 2024, the school issued a mutual No Contact Directive between Plaintiff and Ms. Sudholz.

12    Despite this formal acknowledgment, the school did not initiate an investigation into Plaintiff's allegations, nor did it provide written notice of delay or any supportive measures. In contrast, when Ms. Sudholz filed a counter-complaint, the school immediately launched a formal Title IX investigation, assigned external counsel, and initiated disciplinary proceedings against Plaintiff.

13    Plaintiff made multiple follow-up inquiries and requests for intervention, yet the Charleston School of Law failed to initiate any investigation, implement protective measures, or take meaningful steps to address the harassment alleged in Plaintiff's complaint.

14    Approximately several weeks later, L.S. filed a complaint with the Charleston School of Law alleging misconduct by Plaintiff.

15    Upon receipt of Sudholz's complaint, the Charleston School of Law promptly launched a formal investigation and initiated disciplinary proceedings against Plaintiff, in stark contrast to its inaction regarding Plaintiff's earlier complaint.

16    During the disciplinary process, Plaintiff was denied a fair and impartial hearing. He was not afforded adequate notice of the allegations, meaningful access to evidence, or a reasonable opportunity to present his defense and challenge the credibility of adverse witnesses.

17    The Charleston School of Law ultimately expelled Plaintiff based on the findings of this flawed process, without providing the procedural safeguards required under its own policies and without conducting an impartial or balanced investigation.

18     The disparate treatment of the two complaints—ignoring Plaintiff's allegations while swiftly pursuing disciplinary action against him following Sudholz's complaint—demonstrates gender-based bias. As a male complainant, Plaintiff's concerns were disregarded, whereas the female complainant's allegations triggered immediate and severe institutional response.

19     The informal hearing process was constructed and administered by attorneys affiliated with Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, including Defendant Jennifer Curry, whose involvement further compromised the neutrality and fairness of the proceedings.

20     As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe emotional distress, reputational damage, loss of educational and professional opportunities, and significant financial harm.

## IV. CAUSES OF ACTION

### COUNT ONE
**Violation of Title IX (20 U.S.C. § 1681 et seq.) – Gender-Based Discrimination
in Disciplinary Proceedings**
(As to Charleston School of Law)

21     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22     Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in any education program or activity receiving federal financial assistance.

23     At all relevant times, Charleston School of Law received federal funding and was subject to the requirements of Title IX.

24      In May 2024, Plaintiff submitted a formal complaint to CSOL's Title IX Team alleging harassment by a female student, L.S., and coordinated misconduct involving faculty and staff. Despite multiple written submissions and a scheduled meeting with Title IX officials, CSOL failed to initiate any investigation, provide supportive measures, or issue written findings in response to Plaintiff's complaint.

25      On June 6, 2024, CSOL informed Plaintiff that Ms. Sudholz had filed a Title IX complaint against him. The school immediately issued a No Contact Directive and launched a formal investigation, appointing external counsel as Investigator and Decisionmaker. The process culminated in Plaintiff's expulsion on May 29, 2025.

26      The disparate treatment of the two complaints—CSOL's refusal to investigate Plaintiff's allegations while aggressively pursuing disciplinary action against him—constitutes gender-based discrimination under Title IX. CSOL applied a double standard: requiring physical contact to validate male-initiated complaints, while accepting female-initiated complaints without such threshold.

27      CSOL's Title IX Policy defines sexual harassment as "unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to an educational program or activity." (Policy § IV(B)(2)). No such denial was substantiated in the record, yet Plaintiff was expelled.

28      The disciplinary process was procedurally flawed and substantively biased. Plaintiff was denied meaningful cross-examination under Policy § IX(B)(3), was not notified of delays exceeding the 90-day resolution window under § IX(B)(5), and was subjected to unauthorized video recording in violation of § IX(B)(4).

29    The hearing panel was composed entirely of female officials, including Decisionmaker Jennifer Curry and Investigator Jenni McCarty, both affiliated with Baker, Donelson, Bearman, Caldwell & Berkowitz, PC. Their shared affiliation and lack of institutional independence compromised the neutrality of the proceedings.

30    CSOL's actions were motivated by gender-based stereotypes and assumptions, including the presumption that male-initiated complaints lack credibility and that female complainants are inherently more vulnerable. These assumptions resulted in Plaintiff being treated less favorably than his female counterpart in both process and outcome.

31    As a direct and proximate result of CSOL's discriminatory conduct, Plaintiff suffered emotional distress, reputational harm, loss of educational and career opportunities, and financial damages exceeding $75,000.

32    Plaintiff seeks all available remedies under Title IX, including declaratory and injunctive relief, appropriate equitable relief, expungement of disciplinary records, reinstatement, compensatory damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

<u>**COUNT TWO**</u>
**VIOLATION OF PROCEDURAL DUE PROCESS**
(as to Defendants CSOL and Margaret Lawton and John Does 1-5)

33    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34    The Fourteenth Amendment to the United States Constitution prohibits any state from depriving a person of life, liberty, or property without due process of law.

35    Although Charleston School of Law ("CSOL") is a private institution, it receives substantial federal funding and exercises disciplinary authority traditionally reserved to the state. Its Title IX proceedings are entwined with public regulatory frameworks, including federal

2:25-cv-13080-DCN     Date Filed 10/22/25     Entry Number 1     Page 9 of 24

mandates under 34 C.F.R. § 106.45, and operate under authority delegated by the South Carolina Commission on Higher Education.

36      Through its disciplinary process, CSOL exercised state-like authority to adjudicate alleged misconduct, impose sanctions, and ultimately expel Plaintiff, thereby depriving him of protected liberty and property interests in his education, reputation, and future professional licensure.[1]

37      CSOL denied Plaintiff procedural due process in the following ways:

   a) Inadequate Notice: Plaintiff was not timely informed of the full scope of allegations, including the claim of gender-based harassment under Section IV(C), which was not included in the initial complaint or investigation report.

   b) Restricted Access to Evidence: Plaintiff was denied access to key witness statements and exculpatory evidence, including the full context of text messages and polygraph results submitted during the investigation.

   c) Limited Opportunity to Be Heard: Plaintiff was prohibited from questioning adverse witnesses, including Ms. Zabian and Mr. Adkins, in violation of CSOL's Title IX Policy § IX(B)(3), which guarantees cross-examination through an advisor.

   d) Lack of Neutral Adjudicators: The hearing panel was composed of attorneys affiliated with Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, including Decisionmaker Jennifer Curry and Investigator Jenni McCarty,

---

[1] *See Doe v. Purdue Univ.*, 928 F.3d 652, 661–63 (7th Cir. 2019) (holding that expulsion based on flawed disciplinary process implicated liberty interests due to reputational harm and affected future employment prospects).

whose shared firm affiliation created an appearance of bias and compromised neutrality.

38    CSOL failed to follow its own procedures, including:

    a)  Exceeding the 90-day resolution window without written notice or justification, in violation of Title IX Policy § IX(B)(5).

    b)  Retaining unauthorized video recordings of the hearing, contrary to § IX(B)(4).

    c)  Filtering and excluding relevant cross-examination questions without legal basis.

39    These procedural failures collectively deprived Plaintiff of a fair and impartial hearing, violating his constitutional rights under the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.

40    As a direct and proximate result of these violations, Plaintiff has suffered emotional distress, reputational harm, loss of educational and professional opportunities, and financial damages exceeding $75,000.

41    This Count is brought against Defendants Charleston School of Law and Dean Margaret Lawton, in her individual and official capacities. At all times relevant, Defendant Lawton exercised supervisory authority over disciplinary and Title IX matters and approved or ratified the actions that deprived Plaintiff of his protected liberty and property interests without due process of law.

42    Through its receipt of federal funding, implementation of federally mandated Title IX disciplinary procedures, and delegation of quasi-public adjudicative authority by the South

2:25-cv-13080-DCN     Date Filed 10/22/25     Entry Number 1     Page 11 of 24

Carolina Commission on Higher Education, CSOL and its administrators acted under color of law for purposes of 42 U.S.C. § 1983.

43    Plaintiff seeks declaratory and injunctive relief, expungement of disciplinary records, compensatory damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

**COUNT THREE**
**BREACH OF CONTRACT**
(As to CSOL)

44    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45    At all relevant times, Plaintiff was enrolled as a student in good academic standing at Charleston School of Law ("CSOL"). As a condition of enrollment, Plaintiff entered into a contractual relationship with CSOL, which included express and implied terms set forth in the Student Handbook, Title IX Policy, and related institutional communications.

46    The Student Handbook and Title IX Policy constituted binding representations and promises regarding the procedures to be followed in the event of alleged misconduct. These included, but were not limited to:

    a)  The right to timely and adequate notice of allegations;

    b)  The right to a fair and impartial investigation;

    c)  The right to review and respond to evidence;

    d)  The right to cross-examine witnesses through an advisor;

    e)  The right to a neutral Decision-maker free from bias or conflict of interest;

    f)  The right to appeal based on procedural irregularity, new evidence, bias, or excessive sanction.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND     11 |
Page

47    Plaintiff reasonably relied on these representations and complied with all institutional requirements throughout his enrollment, including full cooperation with the disciplinary process and adherence to the No Contact Directive issued on June 6, 2024.

48    CSOL materially breached its contractual obligations in the following ways:

a) Failure to Investigate Plaintiff's Complaint: CSOL failed to initiate any investigation into Plaintiff's formal Title IX complaint submitted on May 28–29, 2024, in violation of its stated commitment to equitable treatment of complainants under Section II of the Title IX Policy.

b) Inadequate Notice and Access: CSOL failed to provide written notice of the full scope of allegations, including gender-based harassment under Section IV(C), and denied Plaintiff access to key witness statements and exculpatory evidence.

c) Biased and Deficient Hearing: The hearing was conducted by attorneys affiliated with Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, including both the Investigator and Decisionmaker, in violation of Section IX(B)(1) requiring impartial adjudicators free from conflict of interest.

d) Procedural Violations: CSOL exceeded the 90-day resolution window without written notice (Section IX(B)(5)), prohibited cross-examination of key witnesses (Section IX(B)(3)), and retained unauthorized video recordings of the hearing (Section IX(B)(4)).

e) Disproportionate Sanction: Plaintiff was expelled despite mitigating factors acknowledged in the appeal decision, including academic progress, compliance with directives, and lack of repeat conduct.

49     These breaches deprived Plaintiff of the educational benefits, procedural protections, and institutional integrity promised under the contract, resulting in substantial harm.

50     As a direct and proximate result of CSOL's breach, Plaintiff has suffered reputational damage, emotional distress, loss of educational and professional opportunities, and financial damages exceeding $75,000.

51     Plaintiff seeks compensatory damages, costs, and any other relief deemed just and proper by the Court.

## COUNT FOUR
## RETALIATION IN VIOLATION OF TITLE IX (20 U.S.C. § 1681 ET SEQ.)
(As to Charleston School of Law)

52     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

53     Title IX prohibits retaliation against any individual who, in good faith, reports sex-based harassment or discrimination, or participates in any manner in a Title IX investigation or proceeding. See 34 C.F.R. § 106.71(a).[2]

54     On May 28 and May 29, 2024, Plaintiff submitted a formal complaint to Charleston School of Law ("CSOL") alleging sexual harassment and hostile environment perpetrated by a fellow student, L.S., with alleged complicity by faculty and staff. The complaint was submitted to Dean Margaret Lawton and Title IX Coordinator Shera Silvis.

55     Plaintiff's complaint constituted protected activity under Title IX, as defined in CSOL's Title IX Policy Section V, which prohibits retaliation against complainants or witnesses who report violations of the policy.

---

[2] *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171–73 (2005) (holding that retaliation against a person for complaining of sex discrimination constitutes intentional discrimination under Title IX).

56     CSOL failed to investigate Plaintiff's complaint, did not issue written findings, and provided no supportive measures, despite its obligation under Section VIII(A) of the Title IX Policy to offer non-disciplinary, non-punitive services to complainants.

57     On June 6, 2024, CSOL notified Plaintiff of a counter-complaint filed by Ms. Sudholz. The school immediately issued a No Contact Directive and initiated a formal Title IX investigation against Plaintiff, assigning external counsel as Investigator and Decisionmaker. The process culminated in Plaintiff's expulsion on May 29, 2025.

58     The timing and severity of CSOL's disciplinary response—initiated within days of Plaintiff's protected complaint and resulting in the most severe sanction available—demonstrate a retaliatory motive. CSOL's refusal to investigate Plaintiff's allegations, juxtaposed with its aggressive pursuit of disciplinary action following the counter-complaint, constitutes adverse action under Title IX.

59     The disciplinary process was procedurally deficient and substantively biased. Plaintiff was denied meaningful cross-examination under Policy § IX(B)(3), was not notified of delays exceeding the 90-day resolution window (§ IX(B)(5)), and was subjected to unauthorized video recording (§ IX(B)(4)). The process was administered by attorneys affiliated with Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, including Decisionmaker Jennifer Curry and Investigator Jenni McCarty, whose shared firm affiliation created an appearance of bias and undermined neutrality.

60     CSOL's retaliatory conduct was further evidenced in Plaintiff's Office for Civil Rights complaint, which documented gender-based double standards, age-related bias, and disability-related hostility. The OCR filing alleges that Plaintiff's complaint was dismissed with

the question "who touched you?"—a standard not applied to the female complainant.  Plaintiff also filed an OCR complaint for context.

61     As a direct and proximate result of CSOL's retaliatory actions, Plaintiff has suffered emotional distress, reputational harm, loss of educational and professional opportunities, and financial damages exceeding $75,000.

62     Plaintiff seeks all available remedies under Title IX, including declaratory and injunctive relief, expungement of disciplinary records, reinstatement, compensatory damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT FIVE
### TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS EXPECTANCY
(As to Baker Donelson Bearman Caldwell & Berkowitz, P.C., Jennifer Curry & John Does 1-5)

63     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64     At all relevant times, Plaintiff maintained a valid and enforceable contractual relationship with Charleston School of Law ("CSOL"), including rights and expectations arising from his enrollment, tuition payments, academic standing, and reliance on institutional policies and procedures governing student conduct and disciplinary proceedings.

65     Plaintiff also held a reasonable business expectancy in completing his legal education, obtaining his Juris Doctor degree, sitting for the bar examination, and pursuing professional licensure and employment in the legal field.

66     Defendants Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson") and Jennifer Curry were not parties to Plaintiff's contractual relationship with CSOL. However, they were retained by CSOL to serve as outsourced Title IX officials, with Defendant

Curry acting as Decisionmaker and her colleague, Jenni McCarty, serving as Investigator—both of whom held senior positions within the same law firm.

67     Defendants intentionally and improperly interfered with Plaintiff's contractual and educational relationship by:

> a) Participating in a disciplinary process that was procedurally deficient, substantively biased, and inconsistent with CSOL's published Title IX Policy;
>
> b) Failing to ensure neutrality and fairness in adjudication, including exclusion of exculpatory evidence, denial of cross-examination rights, and retention of unauthorized recordings;
>
> c) Contributing to Plaintiff's expulsion without adherence to institutional safeguards, including the 90-day resolution timeline, impartial adjudicator requirements, and notice provisions.

68     Defendants' interference lacked legal justification and was motivated by improper purposes, including institutional self-protection, reputational shielding, and gender-based bias. Their conduct exceeded the scope of neutral third-party adjudication and materially influenced the outcome of the disciplinary process.[3]

69     As a direct and proximate result of Defendants' tortious interference, Plaintiff's contractual rights were disrupted, his academic standing was revoked, his educational trajectory

---

[3] *See Crim Truck & Tractor Co. v. Navistar Int'l Corp.*, 823 S.W.2d 591, 596 (Tex. 1992) (holding that interference is tortious when it is intentional and without legal justification);*See also Eldeco, Inc. v. Charleston Cnty. Sch. Dist.*, 372 S.C. 470, 476 (Ct. App. 2007) (recognizing that interference with a party's business expectancy may be actionable when done with improper motive or means).

was terminated, and his professional prospects—including bar eligibility and employment opportunities—were materially damaged.

70     Plaintiff has suffered emotional distress, reputational harm, loss of educational and career opportunities, and financial damages exceeding $75,000.

71     Plaintiff seeks compensatory and punitive damages, costs, and any other relief deemed just and proper by the Court.

### COUNT SIX
**Breach of Implied Covenant of Good Faith & Fair Dealing**
(As to Charleston School of Law)

68a**.**     Every contract includes an implied covenant of good faith and fair dealings.

68b.     While this covenant does not create new rights under the contract, it requires that the contractual rights apply to the performance of the term of the contract.

68c.     CSOL materially breached its contractual obligations in the following ways:

a)     Failure to Investigate Plaintiff's Complaint: CSOL failed to initiate any investigation into Plaintiff's formal Title IX complaint submitted on May 28–29, 2024, in violation of its stated commitment to equitable treatment of complainants under Section II of the Title IX Policy.

b)     Inadequate Notice and Access: CSOL failed to provide written notice of the full scope of allegations, including gender-based harassment under Section IV(C), and denied Plaintiff access to key witness statements and exculpatory evidence.

c)     Biased and Deficient Hearing: The hearing was conducted by attorneys affiliated with Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, including both the Investigator and Decisionmaker, in violation of Section IX(B)(1) requiring impartial adjudicators free from conflict of interest.

d)      Procedural Violations: CSOL exceeded the 90-day resolution window without written notice (Section IX(B)(5)), prohibited cross-examination of key witnesses (Section IX(B)(3)), and retained unauthorized video recordings of the hearing (Section IX(B)(4)).

e)      Disproportionate Sanction: Plaintiff was expelled despite mitigating factors acknowledged in the appeal decision, including academic progress, compliance with directives, and lack of repeat conduct.

68d.    Through all of the actions previously set forth, and in these specific actions and inactions, the defendant violated its implied covenant of good faith and fair dealings,

69e.    As a direct and proximate result of CSOL's breach of this implied covrnant, Plaintiff has suffered reputational damage, emotional distress, loss of educational and professional opportunities, and financial damages exceeding $75,000.

70.     Paintiff seeks compensatory damages, costs, and any other relief deemed just and proper by the Court.

## COUNT SEVEN
### CIVIL CONSPIRACY
(As to all Defendants)

72      Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73      Upon information and belief, Defendants Charleston School of Law ("CSOL"), Baker Donelson Bearman Caldwell & Berkowitz, P.C. ("Baker Donelson"), Jennifer Curry, Dean Margaret Lawton, and John Does 1–5, acting in concert and within the scope of a common scheme, conspired and agreed to deprive Plaintiff of his rights under Title IX, federal due process, and South Carolina law by: a. Coordinating and implementing a disciplinary process intentionally biased against Plaintiff on the basis of sex and in retaliation for his protected activity;

b.  Concealing exculpatory evidence and manipulating investigatory procedures to ensure an adverse finding against Plaintiff; c. Utilizing Baker Donelson attorneys as purportedly neutral decisionmakers to create the appearance of fairness while controlling the outcome in CSOL's favor; d. Suppressing or disregarding Plaintiff's initial Title IX complaint and instead prioritizing a counter-complaint to shield the institution and its officials from scrutiny; and e. Publicly and administratively ratifying Plaintiff's expulsion to protect CSOL's institutional reputation and dissuade other male complainants from pursuing similar grievances.

74     In furtherance of this conspiracy, Defendants engaged in overt acts including, but not limited to: a) Deliberately failing to investigate Plaintiff's harassment complaint filed May 28–29, 2024; b) Launching an immediate and disproportionate disciplinary investigation in response to a female student's counter-complaint; c) Denying Plaintiff access to evidence and cross-examination rights contrary to written policy; d) Retaining and relying upon attorneys with conflicts of interest to serve as Investigator and Decisionmaker; and e) Issuing and affirming an expulsion decision unsupported by factual or procedural findings.

75     As a direct and proximate result of Defendants' civil conspiracy, Plaintiff suffered special damages, including but not limited to: loss of tuition and fees paid to CSOL; loss of educational and professional opportunities; reputational and emotional harm; and financial costs associated with legal counsel, transfer attempts, and mitigation of academic record damage.

76     These damages are distinct from those alleged in Plaintiff's other causes of action, as they arise from the concerted and malicious conduct of multiple Defendants acting jointly to achieve an unlawful purpose.

## COUNT EIGHT
### Negligence/Gross Negligence
(As to CSOL, Margaret Lawton, and John Does 1-5)

77    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

78    At all times relevant hereto, Defendant Charleston School of Law ("CSOL") owed Plaintiff a duty to exercise reasonable care in the administration of its educational programs, disciplinary procedures, and Title IX processes. This duty included, but was not limited to: a) Providing fair, unbiased, and procedurally compliant disciplinary proceedings; b) Properly hiring, training, and supervising employees and agents charged with Title IX compliance; c) Protecting students from discriminatory treatment, retaliation, and reputational harm; and d) Ensuring that decisions affecting students' academic and professional status were made with due regard for fairness, accuracy, and institutional policy.

79    Defendants John Does 1–5, acting individually and within the course and scope of their employment with CSOL, likewise owed Plaintiff a duty of reasonable care in the execution of their assigned duties relating to Title IX enforcement and student discipline.

80    Defendants breached their duty of care in one or more of the following ways: a) Failing to properly investigate Plaintiff's harassment complaint filed May 28–29, 2024; b) Failing to adhere to established Title IX procedures and timelines, including the 90-day resolution window; c) Selecting and empowering biased investigators and decisionmakers affiliated with outside counsel; d) Denying Plaintiff meaningful access to evidence, witness statements, and the opportunity to cross-examine adverse witnesses; e) Ignoring or concealing exculpatory evidence favorable to Plaintiff; f) Exceeding reasonable bounds of institutional discretion by expelling Plaintiff without factual or procedural basis; and g) Failing to adequately train or supervise employees responsible for Title IX compliance and disciplinary oversight.

81    Defendants' conduct was not merely careless, but grossly negligent, exhibiting reckless disregard for Plaintiff's rights, foreseeable harm, and the institution's own published policies. Defendants acted with conscious indifference to the substantial risk of injury, humiliation, and professional destruction that their actions would cause.

82    As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff suffered damages including, but not limited to: a). loss of educational and career opportunities; b). loss of tuition and related educational expenses; c). emotional distress and

mental anguish; d). reputational damage within the legal and academic community; and e). other financial losses in an amount to be proven at trial, but exceeding $75,000.

83     Plaintiff seeks compensatory and punitive damages against Defendant Charleston School of Law, Margaret Lawton and John Does 1–5, jointly and severally, together with costs and any other relief deemed just and proper by this Court.


**COUNT NINE**
**Negligent Hiring, Training, and Retention**
(As to CSOL, Margaret Lawton, and John Does 1-5)

84     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

85     At all times relevant hereto, Defendant **Charleston School of Law ("CSOL")** owed Plaintiff a duty to exercise reasonable care in the selection, hiring, training, supervision, and retention of employees, contractors, and agents responsible for the administration of Title IX complaints and disciplinary proceedings.

86     This duty included ensuring that those individuals: Were properly qualified, trained, and unbiased in applying Title IX procedures; Understood and complied with institutional policies guaranteeing due process and fairness to all parties; and Were free from conflicts of interest that could compromise the neutrality of the investigative and adjudicative process.

87     CSOL breached these duties by negligently hiring, training, and retaining personnel and agents who lacked the qualifications, impartiality, or competence necessary to perform their Title IX responsibilities in accordance with federal law and institutional policy. Specifically, CSOL: a) Retained **Baker Donelson Bearman Caldwell & Berkowitz, P.C.**, and its attorney **Jennifer Curry**, to serve as Investigator and Decisionmaker despite clear conflicts of interest arising from their existing representation of CSOL; b) Failed to ensure that external counsel serving as Title IX officials received adequate training in federal Title IX regulations and procedural fairness requirements; c) Allowed biased and unqualified individuals to influence disciplinary outcomes and policy enforcement; d) Failed to supervise Title IX Coordinator **Shera Silvis** and Dean **Margaret Lawton** to ensure compliance with procedural standards; and

e) Ignored or condoned repeated procedural violations and biased practices throughout Plaintiff's disciplinary process.

88     It was reasonably foreseeable to CSOL that failing to hire, train, and supervise competent and impartial Title IX personnel would result in violations of students' rights, discriminatory treatment, and reputational and financial harm to affected individuals—including Plaintiff.

89     As a direct and proximate result of CSOL's negligent hiring, training, and retention of unqualified and biased personnel, Plaintiff suffered the following damages: wrongful expulsion from the Charleston School of Law;loss of educational and career opportunities;emotional distress, humiliation, and reputational harm;loss of tuition, fees, and related expenses; and other financial and consequential damages in an amount to be proven at trial but exceeding $75,000.

90     Plaintiff seeks compensatory and punitive damages against Defendant Charleston School of Law for its negligent hiring, training, and retention of personnel and agents, together with costs and any other relief deemed just and proper by this Court.

## V.  PRAYER FOR RELIEF

1     **WHEREFORE**, Plaintiff WILLIAM BARNES respectfully prays that this Court enter judgment in his favor and against Defendant, awarding:

1. Declaratory Relief: A declaration that Defendants violated Plaintiff's rights under Title IX, the Fourteenth Amendment, and South Carolina law.

2. Injunctive Relief: An order requiring Charleston School of Law to:

   a) Expunge Plaintiff's disciplinary record;

   b) Reinstate Plaintiff's academic standing and eligibility for re-enrollment;

   c) Reform its disciplinary procedures to ensure compliance with Title IX and constitutional due process.

3.  Compensatory Damages: For emotional distress, reputational harm, loss of educational and professional opportunities, and financial damages resulting from Defendants' conduct.

4.  Punitive Damages: For Defendants' willful, wanton, and reckless disregard of Plaintiff's rights under federal and state law, to punish and deter similar misconduct in the future, in an amount to be determined by the jury.

5.  Attorney's Fees and Costs: Pursuant to 42 U.S.C. § 1988 and other applicable law.

6.  Pre- and Post-Judgment Interest: As allowed by law.

7.  Any Other Relief: Such other and further relief as the Court deems just, equitable, and proper.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**(REMAINDER OF PAGE LEFT BLANK; SIGNATURES ON NEXT PAGE)**

Dated: October _____, 2025                    Respectfully Submitted,

/s/ Michael A. Whitsitt
Michael Whitsitt, Attorney
WHITSITT LAW FIRM
78 Folly Road - Suite B9 #1405
Charleston, South Carolina 29407
Email: Michael@WhitsittLawFirm.com
Phone: 843-548-7551

/s/ *Myesha Harrell*
Myesha Harrell, Esquire
Pro Hac Vice to be applied for
RSA Battle House Tower 11
North Water Street - 10th Floor
Mobile, AL 36602
856-652-2000  − Phone
mharrel@lentolawgroup.com
*Attorney for Plaintiffs*